## HAWTHORN *vs.* KELLY.

A *ne exeat* will be dissolved when there is other relief more appropriate to the case.

In Equity, in Decatur Superior Court. Decision on Demurrer, made by Judge ALLEN, at October Term, 1859.

The record in this case presents the facts following, that is to say:

John Hawthorn executed a deed, of which the following is a copy:

"This indenture, made the 9th day of May, 1814, between John Hawthorn, Sr., of the one part, and the children of William Hawthorn (the son of said John) and his wife, Melitia, of the other part, *witnesseth :* That the said John Hawthorn, for and in consideration of the natural love and affection which he hath toward William and his wife, Melitia, with their children, hath lent unto the said William and Melitia a negro girl named Kate, and her increase, during the natural lifetime of the said William and Melitia Hawthorn. The above loan is here to be understood, that the said William and Melitia Hawthorn stand as the natural guardians of their children during their natural life, relative to said girl and her increase, and that this be understood, that I have this day given unto my grand-children, the children of said William and Melitia, that is to say, Polly, Han-

nah, Milbury, Jonathan, Elias, Claiborne, Owen, William Ryan and Joshua Thomas, the said negro girl, Kate, and her increase, forever, free from the claim or claims of any or every person or persons whatever, so that they shall have, use and peaceably enjoy, the said negro with her increase forever, as above described, through the medium of their parents during their lives, then the above negro or negroes to be equally divided among my several grand-children above named. In confirmation of the above deed of gift to my grand-children, I hereby warrant and defend the right of the above girl and her increase in my said grand-children their assigns forever."

Under this deed, William and Melitia Hawthorn took possession of the negro and kept her until the death of William, and that she is still in Melitia's possession. The increase of the negro girl consists of nine negroes of the aggregate value of seven thousand dollars.

Melitia Hawthorn together with one of her sons, William B. Hawthorn, placed one of the negroes in possession of one Eliza Garland, who has made efforts to send or carry him out of the State, and claims a title to or interest in said negro.

Of the children mentioned in the deed, two are dead, to-wit: Jonathan and Joshua Thomas.

Milbury married James Kelly; Polly married Robert Jones, and Hannah married Ebenezer Lee.

Kelly and wife, Jones and wife, and Lee and wife filed a bill in equity against Melitia Hawthorn, William B. Hawthorn and Eliza Garland, in which the facts before stated are alleged, and in which it is also stated that they are apprehensive that the negroes, or some of them, will be removed from the State, and the rights of complainants will be defeated.

The bill prays for a *ne exeat* or *quia timet*, or other sufficient process, to restrain the defendants from removing said negroes from the State, or compelling them to give security for the forthcoming of the negroes to answer the demand of complainants at the death of Melitia Hawthorn.

Process issued, pursuant to the prayer of the bill, for the arrest of the negroes and their safekeeping, unless the security aforesaid should be given.

The defendants met the bill with a demurrer thereto, for

Hawthorn *vs.* Kelly.

want of equity, and on the ground that the interest or title of complainants, under the deed aforesaid, was not sufficient to enable them to maintain the bill.

After argument had thereon, the Court overruled the demurrer, and that decision is the error alleged in the record.

McINTYRE & YOUNG, for plaintiffs in error.

LAW & SIMS, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

We think the *ne exeat* ought to have been dissolved in this case, because we do not think the complainants are remainder-men in the whole property, as claimed in the bill. It is not very clear from this deed that the parents were intended to take any beneficial interest at all, and we think they were certainly not intended to take more than a joint estate with the children during the lifetime of the longest liver of the two parents, with remainder in fee to the children. On the supposition that the parents take no beneficial interest, then they were mere trustees for the children, and as there was no longer any purpose to be served after all the children had ceased to be minors, the trust ceased, and the children became entitled, and are now entitled, to maintain trover for the whole of the property, and to have bail in the action in case of danger, as alleged in this bill, of the property being removed. On the supposition of a joint estate in the parents and children during the life of the longest liver of the parents, the children are entitled to a partition of the property, leaving the surviving parent a life-estate in one share of it, together with an account of the past profits of the joint life-estate. If, after such partition, the remainder interest of the children in the part falling to their mother should be endangered, they would undoubtedly be entitled to a *ne exeat* as to that part; but the probability is, that the partition, as the matter now stands, would remove all danger. We incline to think the deed creates an estate of the latter description.

Judgment reversed.